### City of Mattoon v. Mary A. Russell.

1. EVIDENCE—*Of Notice of Defects in Sidewalks.*—Upon the trial of a case against a city for injuries received by reason of a defective sidewalk, the testimony of witnesses for the purpose of showing that two of the aldermen of the city, who were members of the committee on streets and alleys, had actual notice of the condition of the sidewalk in question several months before the injuries complained of, is admissible.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNNE, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

JOHN McNUTT, JR., attorney for appellant; HORACE S. CLARK and JOHN F. SCOTT, of counsel.

ISAAC B. CRAIG and FRED A. KINZEL, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, Mary A. Russell, brought an action on the case, in the Circuit Court of Coles County, against appellant, City of Mattoon, to recover damages for certain personal injuries she had received by falling on a defective sidewalk of appellant.

The case was tried by jury and resulted in a verdict in favor of appellee for $1,100, from which appellee remitted $500, and judgment was rendered in her favor for $600.

Appellant brings the case to this court by appeal, and urges us to reverse the judgment upon the alleged grounds that the court admitted improper evidence, gave improper and refused proper instructions, and improperly modified appellant's fifth instruction; and that the damages assessed, even after the remittitur, are excessive.

The declaration alleges that appellee was badly injured by tripping on a loose board in a sidewalk on the east side of Twenty-first street, in the city of Mattoon; that said sidewalk was in a bad and unsafe condition, with loose and broken boards in it, which condition appellant had notice of, or ought to have known, before appellee was so injured, yet it permitted the sidewalk to remain in that condition until after appellee was so injured; and that appellee was exercising ordinary care for her safety before and at the time she was injured.

The evidence shows that the sidewalk in question was constructed of cross-boards, forty inches long, nailed to three stringers, and that for several months before, and on the day when appellee received the injuries, some of the cross-boards of the sidewalk were broken, some loose from the stringers, and others entirely gone; and that on January 5, 1900, about four o'clock in the afternoon, appellee and a lady friend at her side, but a little in front of her, were walking along this sidewalk toward their homes, when her friend stepped upon one end of a loose and broken board,

which, tipping upward at the opposite side, caught appellee's foot, causing her to fall upon her face, and it and her hands, arms and back were so injured by the fall that she was unconscious for a time, and since then she has suffered much pain, and was compelled to call a physician to treat her therefor; and since receiving the injuries she can not work as well as she did before.

Two of the aldermen of the city of Mattoon, who are members of the street and alley committee of its city council, had actual notice of the bad and unsafe condition of this walk several months before appellee received her injuries.

At the trial counsel for appellant contended and still contend in this court that appellee did not fall on account of a loose board tipping up and catching her foot, as she claims, but that she caught her foot into a hole in the sidewalk where there was a missing board, which caused her to fall; and there is some evidence tending to establish that fact; but we think the evidence warrants the conclusion that her fall was occasioned as claimed by appellee. The evidence also shows that appellee knew the general condition of the sidewalk by having gone over it several times before the time she fell, but that she had not gone over it many times, nor had she gone over it recently before the time she fell. And she did not know the board which tripped her was broken and loose from the stringers; and it could not be seen that it was broken and loose, except by stepping upon it, or otherwise specially examining it to ascertain the fact.

At the time, appellee had a basket of groceries upon her arm, and she and her companion were talking and looking at the sidewalk in front of them as they leisurely walked along approaching the board which tripped her.

The court properly admitted the testimony of the witnesses, Hardwick and Benefield, for the purpose of showing that two of the aldermen of the city of Mattoon, who were members of the committee on streets and alleys of the city council, had actual notice of the bad condition of the sidewalk in question several months before appellee was injured thereby.

We have carefully examined all the evidence and all the instructions which the court gave to the jury, and those it refused to give; also the one it modified; and find that those given, including the one modified, and reading them as one charge, they together state the law applicable to the evidence and the issues tried fully and fairly for both sides, and therefore appellant has not been prejudiced by the court refusing others which counsel for appellant offered, and which they contend the court erred by not giving.

Appellant's counsel ably and ingeniously argue that the verdict is against the evidence on the question whether appellee was exercising ordinary care, under the circumstances. But we are of the opinion that there is enough evidence to support the verdict upon that question and as it has been approved by the trial judge, we do not feel called upon to reverse the judgment on that account.

In view of the nature and kind of wounds which appellee received by her fall and its effect upon her back, we can not afford to say that the amount of damages awarded her when reduced by the remittitur, is excessive.

Believing the conclusion reached by the trial court in this case does justice to the parties, we will affirm its judgment. Judgment affirmed.